IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J.B. HUNT TRANSPORT, INC.                                          PLAINTIFF

V.                      NO. 5:20-cv-05049-TLB

ZURICH AMERICAN INSURANCE COMPANY; and
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO AUTO TERROR AND MALICIOUS
ATTACK PROTECT CONTINGENT INSURANCE
POLICY NO. TE1800238                                   DEFENDANTS

## **PROTECTIVE ORDER**

Now comes Plaintiff, J.B. Hunt Transport, Inc. (J.B. Hunt), in an action against Defendants, Certain Underwriters at Lloyd's, London Subscribing to Auto Terror and Malicious Attack Protect Contingent Insurance Policy No. TE1800238 (Underwriters) and Zurich American Insurance Company (Zurich) (the Parties), and submit a Protective Order to the Court pursuant to Ark. R. Civ. P. 26, and state to the Court the Protective Order should be entered to ensure terms of a Confidential Settlement Agreement and General Release remain intact which shall govern the production and disclosure of certain documents and other information in this action by and between Plaintiff and Defendants:

1. There is a need for confidentiality considering the Confidential Settlement Agreement and General Release by and between Maury L. Udell, Personal Representative of the Estate of Evelyn S. Udell, deceased, and Joel Udell in connection with litigation pending in the Circuit Court of the Fifteenth Judicial



Circuit in and for Palm Beach County, Florida, Case No. 50-2019-CA-012506-XXXX-MB, with reference to an incident which occurred August 19, 2019. The Udell Complaint claims were resolved at a mediation, and a condition of the settlement agreement includes an agreement to keep strictly CONFIDENTIAL the terms, content, and substance of the Confidential Settlement Agreement and General Release, as well as the content of any negotiations or communications between and among the Parties related to the Confidential Settlement Agreement and General Release and relating to the mediation which commenced on January 23, 2020 and the need to not communicate, publicize, or otherwise disclose the terms, content or substance of the Confidential Settlement Agreement and General Release or the mediation to any person or entity not affiliated with the signatories of the Confidential Settlement Agreement and General Release, J.B. Hunt, Underwriters and Zurich, including any news or communications media such as, but not limited to, newspapers, magazines, journals, radio, television, Twitter, Facebook, Instagram, Snapchat, LinkedIn, MySpace, trade publications, jury verdict or settlement reporters; and the need to not transfer an original or any copy of the Confidential Settlement Agreement and General Release to any other person or entity not affiliated with the signatories to the Confidential Settlement Agreement and General Release, J.B. Hunt, and certain designated representatives of Underwriters and Zurich. If J.B. Hunt, Underwriters or Zurich are asked by any person or entity, including any news or communications media, to comment regarding the Confidential Settlement Agreement and General Release and with reference to litigation regarding coverage issues and its terms

or the incident which is the subject of the Confidential Settlement Agreement and General Release, including the settlement payment amount, the following statement is permitted: "The parties have settled their disputes on terms that are satisfactory to the Releasors and the Releasees (signatories) to the Confidential Settlement Agreement and General Release of the Udell claims on terms that are satisfactory to the signatories to the Confidential Settlement Agreement and General Release and have no further comment." J.B. Hunt, Underwriters and Zurich shall instruct any persons, including their respective attorneys, they are required to keep the Confidential Settlement Agreement and General Release confidential and the confidentiality obligations apply to the parties to this Protective Order.

2. In connection with these proceedings, the Parties may designate any pleading, document, thing, material, testimony, or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Order. Confidential information is information related to the Confidential Settlement Agreement and General Release and information containing trade secrets or other confidential research, development, commercial or proprietary information or material that has been maintained and is now being maintained by the producer as confidential and which J.B. Hunt contends contain trade secret, proprietary, or other confidential information, the dissemination of which could significantly damage J.B. Hunt's competitive position and cause the disclosure of confidential information. Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL, SUBJECT TO

PROTECTIVE ORDER." Stamping "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of any multi-page documents shall designate all pages of the document as confidential unless otherwise indicated.

3. Testimony taken at a deposition, conference, hearing, or trial may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding or by a written designation within thirty days of receipt of the transcript of the proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to label such portions appropriately.

4. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. The inadvertent production or disclosure of any information, document, transcript, or thing without a confidentiality designation shall not in and of itself be deemed a waiver of any named party's claim of confidentiality as to such material, nor shall an inadvertent production or disclosure of any document or communication subject to an attorney-client, work-product, or other privilege be deemed a waiver of any privilege if the named party entitled to assert such privilege promptly notifies the named party to whom disclosure or production was made that the disclosure or production was inadvertent and the privilege is not waived. A named party may "snap back" any privileged document

inadvertently produced by writing a letter requesting the document be returned. Any named party receiving a "snap back" letter shall return the original and all copies of the allegedly privileged document and make no use of the information contained therein, even if the named party disputes the underlying privilege. A named party's return of an allegedly privileged document is without prejudice to its right to seek a judicial determination of the merits of that privilege claim.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, court personnel, jury, counsel for a named party (including counsel's paralegal, clerical, and legal assistant staff), and the "qualified persons" designated below:

(a) a named party, or an officer, director, or employee of a named party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) and videographer(s) involved in rendering professional services in this action;

(d) professional vendors, including the employees and contractors of the vendors) that provide litigation support services in this action;

(e) any person whose testimony is taken in this action whom counsel in good faith believes has some prior familiarity with the confidential information about to be disclosed;

(f) any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence;

(g) any other person as to whom the named parties in writing agree; and

(h) the Court and its personnel, subject to the provisions of this Order. When disclosing Confidential Material to any qualified persons listed above, a named party shall furnish them with a copy of this Order and obtain their agreement to treat the disclosed material as CONFIDENTIAL and to abide by this Order.

7. Before receiving access to any of the documents covered by this Order or the information contained therein, each person described in paras. 5(a)-(g) above shall execute a "Written Assurance" in the form contained in Ex. A, attached hereto. Counsel for the Parties will retain the Written Assurance Non-Disclosure Agreement and will keep a list of all persons who have received documents covered by this Order for inspection by the Court.

8. All persons described as qualified persons above shall not under any circumstances sell, offer to sale, advertise, or publicize either the documents covered by this Order and the information contained therein, or the fact that such persons have obtained Confidential Material and information contained therein.

9. Nothing herein shall impose any restrictions on a named Party's use or disclosure of material obtained by it independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "'Confidential - Subject to Protective Order" and filed under seal until further order of this Court.

11. The disclosure of Confidential Material pursuant to discovery or to the procedures set forth in this Order, or any use of Confidential Material in a court proceeding in this action, shall not constitute a waiver of any secret or of any intellectual property, proprietary, or other rights to or in such material, nor shall such material lose its confidential status by such use or disclosure.

12. Nothing in this Order shall affect the admissibility into evidence of Confidential Material. However, nothing herein shall preclude a named party from seeking confidential treatment from the Court with respect to the use or disclosure of Confidential Material in court proceedings, or from raising any available objection, including without limitation objections concerning admissibility, materiality, and privilege.

13. If a dispute arises between any named parties regarding a confidentiality designation, those parties shall make a good faith effort to resolve the dispute without intervention of the Court. If that effort is unsuccessful, the party making the disputed confidentiality designation may promptly move the Court for a ruling that the designated materials are entitled to protection. The material in question shall be treated as Confidential under the terms of this Order until such time as such motion can be heard and determined by the Court. No party shall be obliged to dispute the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

14. This Order shall be without prejudice to the right of any named party to (a) present a motion to the Court for a separate protective order as to any

particular documents or information, including restrictions differing from those as specified herein; (b) present a motion to the Court for modification of this Order, or (c) to seek judicial review, or pursue other judicial action, with respect to any ruling made by the Court concerning the status of any designated Confidential Material.

15. If any named party inadvertently discloses Confidential Material, the disclosing party shall promptly notify the other named parties of the disclosure of the material.

16. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any named party, or to have the effect of altering any existing obligation of any named party (or the absence thereof), or to have the effect of altering the confidentiality or non-confidentiality of any such document or information.

17. This Order shall survive the final termination of this action to the extent that the information contained in any Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder and to enforce the terms of this Order, including the power to issue injunctions prohibiting disclosure of the information except pursuant to the terms of this Order. Upon termination of this case, counsel for the named parties shall assemble and return to each other all documents, materials, and deposition

transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

18. If a party or other person receiving Confidential Information pursuant to this Order thereafter receives a subpoena or order to produce such information in any other action or proceeding before any other court or agency, such party or person shall, before the due date of the request, notify the Designating Party of the pendency of the subpoena, public records request or order in writing. To give the Designating Party an opportunity to obtain such relief, the party or person from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order. To the extent a Court in another jurisdiction determines that the documents or information produced in this litigation are discoverable in another lawsuit, this provision shall not prevent the use or production of "Confidential Information" produced in this case, subject to any Protective Orders entered by the Court of the other jurisdiction.

19. Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

20. Any other party to this action may become a named party to this Order and subject to its terms by signing a copy of this Order and giving notice to all other named parties hereto.

SIGNED AND ENTERED this _____ day of _____, 2020.

_____
THE HONORABLE TIMOTHY L. BROOKS
UNITED STATES DISTRICT COURT JUDGE

APPROVED:

_____
Bruce Munson, ABN 78117
Elizabeth Fletcher, ABN 89197
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201
(501) 374-6535
(501) 374-5906 - Fax
[bruce.munson@mrmblaw.com](mailto:bruce.munson@mrmblaw.com)
[elizabeth.fletcher@mrmblaw.com](mailto:elizabeth.fletcher@mrmblaw.com)
*Attorneys for Plaintiff J.B. Hunt Transport, Inc.*


_____
Paul L. Fields, Jr.
FIELDS HOWELL LLP
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
(404) 214-1250
404-214-1251 – Fax
[pfields@fieldshowell.com](mailto:pfields@fieldshowell.com)
*Attorneys for Defendant Certain Underwriters*
*at Lloyd's, London Subscribing to Auto Terror*
*and Malicious Attack Protect Contingent Insurance*
*Policy No. TE1800238*


_____
Zurich American Insurance Company
Zurich in North America Customer Inquiry Center
1299 Zurich Way
Schaumburg, IL 60196-1056