**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**J.B. HUNT TRANSPORT, INC.**                                                    **PLAINTIFF**

**V.**                     **CASE NO. 5:20-CV-5049**

**STEADFAST INSURANCE COMPANY; and**
**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
**SUBSCRIBING TO AUTO TERROR AND MALICIOUS**
**ATTACK PROTECT CONTINGENT INSURANCE**
**POLICY NO. TE1800238**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff J.B. Hunt Transport, Inc. ("J.B. Hunt") has filed a Motion to Lift Stay and for Voluntary Dismissal (Doc. 76). In the Motion, J.B. Hunt asks the Court to reconsider its July 1, 2020 Memorandum Opinion and Order (Doc. 63) to the extent it stayed the case pending arbitration proceedings between J.B. Hunt and Defendant Certain Underwriters at Lloyd's London subscribing to Auto Terror and Malicious Attack Protect Contingent Insurance Policy No. TE1800238 ("Underwriters") (Doc. 63). J.B. Hunt also requests permission to dismiss without prejudice its claims against Underwriters. Defendants Steadfast Insurance Company ("Steadfast") and Underwriters have filed Responses in Opposition to that Motion (Docs. 78 & 79), and J.B. Hunt filed a Reply (Doc. 82). For the reasons discussed below, the Court **DENIES** the Motion to Lift Stay and for Voluntary Dismissal (Doc. 76).

**I.   BACKGROUND**

The Court will assume the reader has general knowledge of the facts of this case, but a brief recounting of the complex procedural posture of this case may be helpful.

1

J.B. Hunt brought claims against its two insurers—Underwriters and Steadfast—alleging that they must indemnify J.B. Hunt for a settlement J.B. Hunt paid to resolve a state court wrongful-death action.  Underwriters and Steadfast have separate insurance policies with J.B. Hunt; Underwriters' policy contains an arbitration agreement, Steadfast's does not.  Underwriters filed a Motion to Compel Arbitration (Doc. 15) seeking to enforce their arbitration agreement, and the Court ultimately granted that Motion and compelled J.B. Hunt to arbitrate its claims against Underwriters.  The Court also held that it was appropriate to stay the remaining claims against Steadfast while the arbitration with Underwriters proceeded.

Then, J.B. Hunt filed a Motion for Certificate of Appealability (Doc. 66) seeking permission to pursue an interlocutory appeal of the Court's decision to compel arbitration. Defendants Steadfast and Underwriters filed Responses to that Motion (Docs. 72 & 73), but before the Court could rule, J.B. Hunt withdrew its Motion for Certificate of Appealability and then filed its present Motion.  J.B. Hunt admits that the purpose of this Motion is to escape arbitration, as it believes that lifting the stay and dismissing Underwriters will allow it to proceed with its claims against Steadfast in this Court.

Thus, the only questions presently before the Court are:  (1) whether the stay should be lifted so that J.B. Hunt can continue litigating its claims against Steadfast and (2) whether J.B. Hunt should be allowed to dismiss its claims against Underwriters. Below, the Court takes up each of these issues in turn.

## II.  DISCUSSION

### A.  The Court Will Not Lift the Stay

First, under Rule 60(b), J.B. Hunt asks the Court to reconsider its prior Order and lift the stay so that it may proceed with its claims against Steadfast.[1] (Doc. 77, p. 2).  J.B. Hunt does not argue that the Court's prior decision staying the claims against Steadfast was incorrect; instead, J.B. Hunt contends that the Court's stay was predicated on the assumption that arbitration would begin, and since J.B. Hunt has failed to commence arbitration, the Court's stay should be lifted.

The Court finds that J.B. Hunt's failure to commence arbitration does not constitute the level of "extraordinary" and "exceptional circumstances" required to grant a motion for reconsideration under Rule 60(b)(6). *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (quoting *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989)).  In its prior Memorandum Opinion and Order (Doc. 63), the Court considered the factors[2] set forth in *AgGrow Oils, L.L.C. v. National Union Fire Insurance Company*, 242 F.3d 777 (8th Cir. 2001), and determined that it was appropriate to issue a discretionary stay of J.B. Hunt's claims against Steadfast while the arbitration against Underwriters proceeded.  The fact that J.B. Hunt has refused to commence arbitration against Underwriters is not an "extraordinary" or "exceptional circumstance" that requires

---

[1] In the original Motion, J.B. Hunt referenced the possibility that the Motion may be considered timely under Rule 59 without discussing the merits of a motion under Rule 59. Fed. R. Civ. P. 59; (Doc. 77, p. 2 n.1).  Following that reference, however, J.B. Hunt clarified in its Reply that the Motion is brought under Rule 60, not Rule 59.  (Doc. 82, p. 2).

[2] Such factors include the risk of inconsistent rulings, the extent to which the parties will be bound by the arbitrator's decision, and the prejudice that may result from delay.

3

the Court to reconsider its prior Order. To the extent J.B. Hunt argues that its failure to commence the ordered arbitration somehow tips the balance against a discretionary stay, that position is belied by the case law. *See, e.g.*, *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 386–87 (8th Cir. 1983) (issuing discretionary stay of nonarbitrable claims even though arbitration had not yet commenced); *Dumont Tele. Co. v. Power & Tele. Supply Co.*, 962 F. Supp. 2d 1064, 1081 (N.D. Iowa 2013) (same); *Sec. Life Ins. Co. of Am. v. Sw. Reinsure, Inc.*, 2013 WL 500362, at *14 (D. Minn. Feb. 11, 2013) (same). Since J.B. Hunt has failed to present sufficient reasons for the Court to reconsider its prior Order, the Court declines to lift the stay.

### B. The Court Will Not Dismiss Underwriters

The Court next turns to J.B. Hunt's request to dismiss without prejudice its claims against Underwriters. Even if the Court chose to grant the motion to lift the stay, it would not dismiss J.B. Hunt's claims against Underwriters. Under Rule 41, unless a plaintiff dismisses the action prior to the opposing party submitting an answer or if all parties stipulate to the dismissal, a plaintiff must request a court order allowing for the dismissal only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The factors the Court must consider include "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). Furthermore, "[a] party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005).

The Court starts with the question of whether J.B. Hunt is seeking to avoid an adverse decision or engaging in forum-shopping, and the Court finds that J.B. Hunt's motion qualifies as an improper attempt to "seek a more favorable forum." *Id.* As already stated, it is inappropriate for a plaintiff to use voluntary dismissal to seek a more favorable forum. *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (holding that district court erred in granting dismissal where plaintiff sought dismissal to avoid removal to federal court). J.B. Hunt readily admits that it seeks to dismiss Underwriters so that it can instead return to this Court to litigate against Steadfast. While J.B. Hunt argues that it will return to arbitration once it has concluded its suit against Steadfast, this assertion ignores the fact that any potential ruling from this Court regarding Steadfast could have preclusive effect upon the claims against Underwriters, thereby depriving Underwriters of its contractual right to have the claims settled via arbitration. And while J.B. Hunt complains that, as master of its complaint, it should be allowed to choose which forum decides these issues, this argument ignores the fact that J.B. Hunt agreed to the arbitration provision in the Underwriters policy and then chose to include Underwriters in this suit. Simply put, J.B. Hunt's maneuver is exactly what it appears to be: forum-shopping. J.B. Hunt's request for dismissal fails upon this basis alone.

Even if J.B. Hunt's motion did not qualify as an attempt to seek a more favorable forum, the three factors for evaluating motions for voluntary dismissal do not weigh in J.B. Hunt's favor. First, J.B. Hunt has not "presented a proper explanation for its desire to dismiss." *Adams*, 863 F.3d at 1080. As discussed above, J.B. Hunt freely admits that it seeks to dismiss Underwriters so that it can return to this Court to litigate against Steadfast. This is forum-shopping, which is not a "proper explanation" for voluntary

5

dismissal.  *See Donner v. Alcoa, Inc.*, 709 F.3d 694, 699 (8th Cir. 2013) (reversing a district court decision granting a motion to voluntarily dismiss where the plaintiff made his motion for the purpose of refiling the suit in state court with an additional "diversity-destroying defendant").  Therefore, the Court finds that the first factor weighs against J.B. Hunt.

The second factor—whether dismissal would result in a waste of judicial time and effort—also weighs against dismissal.  To determine whether the arbitration agreement was enforceable, both parties briefed the doctrine of "reverse-preclusion" under the McCarran-Ferguson Act and its interaction with Chapter II of the Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.  The Court issued a lengthy decision on this issue, and then J.B. Hunt filed a Motion for Certificate of Appealability (Doc. 66) that was responded to by both Steadfast and Underwriters (Docs. 72 & 73).  J.B. Hunt then withdrew that motion to file the present Motion.  The Court and the parties have spent considerable time and effort in determining whether to compel arbitration and whether a certificate of appealability is proper.  To now make those issues moot by dismissing Underwriters would result in a significant waste of time and effort.[3]

Lastly, the Court considers "whether a dismissal will prejudice the defendants." *Adams*, 863 F.3d at 1080.  J.B. Hunt argues that a dismissal would not prejudice either

---

[3] At the Case Management Hearing, Underwriters and Steadfast stipulated that they have agreed to allocate any liability to J.B. Hunt between themselves.  Therefore, if Underwriters is dismissed, Steadfast may be forced to bring them back into this action via a third-party claim.  Then, if Underwriters were to bring a claim against J.B. Hunt, the arbitrability issue might arise anew.  Surely such a scenario, which is not farfetched, would result in a waste of time and effort for all involved.

Steadfast or Underwriters, stating that "prejudice means 'something other than the necessity that defendant might face of defending another action'" and that the loss of a tactical advantage does not amount to prejudice. (Doc. 77, p. 7); *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). However, Steadfast would lose more than a "tactical advantage" if the Court granted J.B. Hunt's Motion, as Steadfast could also lose the ability to argue a collateral estoppel or *res judicata* defense it may gain after the conclusion of J.B. Hunt's arbitration against Underwriters. (Doc. 78, p. 14–15). Similarly, as already discussed, if J.B. Hunt is allowed to proceed against Steadfast then Underwriters might then be subject to any preclusive effect of this Court's decision regarding the claims against Steadfast. Such a result would deny Underwriters of the benefit of its bargain with J.B. Hunt, *i.e.*, arbitration. J.B. Hunt cast the die when it decided to include Underwriters in this action, and it cannot now reverse simply because it has received an unfavorable decision on the arbitration agreement. Therefore, the Court finds that this factor does not support dismissal.

In sum, J.B. Hunt admits that it seeks dismissal in order to avoid arbitration—which amounts to forum-shopping—and all three of the relevant factors weigh against dismissing Underwriters from this action. For these reasons, the Court declines to dismiss J.B. Hunt's claims against Underwriters.

### C. The Court Will Not Award Attorneys' Fees

Underwriters and Steadfast both seek their attorneys' fees for responding to the motions filed by J.B. Hunt after the Court ordered arbitration. They argue that attorneys' fees should be assessed because J.B. Hunt has acted in bad faith. The Court disagrees.

J.B. Hunt was well within its rights to seek permission to file an interlocutory appeal. As for J.B. Hunt's requests to lift the stay and dismiss Underwriters, there is little merit to these requests, but the Court sees no evidence that they were brought in bad faith. Therefore, an award of fees is not appropriate.

### III. CONCLUSION

For the reasons stated above, **IT IS THEREFORE ORDERED** that J.B. Hunt's Motion to Lift Stay and for Voluntary Dismissal (Doc. 76) is **DENIED.**

**IT IS SO ORDERED** on this 22nd day of October, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE